UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHEA DAM,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 19-cv-02131-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 15, 16 |

Plaintiff Dam challenges a decision by a Social Security Administration (SSA) administrative law judge (ALJ) that denied his application for disability benefits under Title II of the Social Security Act. Dkt. No. 1. The parties filed cross-motions for summary judgment. Dkt. Nos. 15, 16. Dam also filed a reply brief in opposition to the Commissioner's cross-motion and in support of his motion for summary judgment. Dkt. No. 17. The case is remanded to the SSA for further proceedings consistent with this order. The Commissioner's motion is denied.

In April 2018, the ALJ issued a decision finding that Dam suffers from a number of severe physical and mental conditions, including "lumbar disc desiccation, moderate-severe canal stenosis, and annular tear; status post total hip arthroplasty; depression; anxiety/post-traumatic stress disorder (PTSD); and alcohol abuse." Administrative Record, Dkt. No. 14-3 (AR) at 25. Even so, the ALJ determined that Dam was not "disabled" as defined in Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), because he could still perform jobs available in significant numbers in the national economy. AR 35-36. *See generally* 20 C.F.R. § 404.1520 (describing process for evaluating whether claimant is disabled). Specifically, the ALJ found that, subject to some restrictions, Dam had the residual functional capacity (RFC) to perform "light work," AR 27, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," 20 C.F.R. § 404.1567(b).

In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v.*

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotations and citation omitted). In this case, the ALJ's decision suffers from legal error that is not harmless.

The ALJ erred by failing to provide specific and legitimate reasons, supported by substantial evidence in the record, for affording little weight to the opinions of Dr. Kim, Dam's treating physician, and giving greater weight to the opinions of Dr. Plowman, a testifying medical expert, and two medical consultants, who did not examine or treat Dam. Our circuit distinguishes among the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). As a general rule, more weight is given to the opinion of a treating physician than to that of an examining physician, and more weight in turn is given to the opinion of an examining physician than to that of a non-examining physician. *Id.* Even if, as here, a treating physician's opinion is contradicted by another doctor, the Commissioner may downgrade a treating physician's opinion only by providing specific and legitimate reasons supported by substantial evidence in the record for doing so. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

"The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ can meet that burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (internal quotations and citation omitted).

In this case, the ALJ gave "substantial weight" to the opinion of Dr. Plowman and "partial weight" to the medical consultants while according "little weight" to the two opinions of Dr. Kim, Dam's treating physician. AR 31-32. The ALJ's rejection of Dam's treating physicians was terse. The decision simply lists events from Dam's medical history and Dr. Plowman's interpretation of it before concluding that Dr. Plowman's opinion was "well-supported by the objective evidence as a whole." *Id.* It then goes on to note that Dr. Plowman believed that Dr. Kim's opinion was "not supported by the *objective* evidence as a whole, including examinations performed by many other physicians." AR at 32 (emphasis in original). The fact that Dr. Kim's opinion was inconsistent

with the statements and analyses of other physicians simply begs the question of whose findings merited greater weight, and why. The ALJ did not offer his own reasoned, "specific" explanation of why Dr. Kim's conclusions were incorrect. *Embrey*, 849 F.2d at 422. There was at least some evidence in the record supporting Dr. Kim's conclusions. *See, e.g.*, AR 400 (Dam has "severe pain throughout his entire back" including "sharp, stabbing pain in the cervical, thoracic, lumbar spine with radiating pain down bilateral upper and lower extremity); AR 451 (noting positive straight leg raising tests, tenderness, and limited range of motion); AR 783 (Dam has "pain level of 10," walks with "antalgic gait," and uses a cane); AR 797-98 (Dam is "constantly shifting position due to back pain" and has musculoskeletal tenderness). The ALJ's failure to offer more than mere "conclusions" explaining why Dr. Kim's interpretation of this evidence was incorrect amounts to legal error. *Embrey*, 849 F.2d at 421.

The ALJ also did not address other factors bearing on the correct weight to give to Dr. Kim's testimony, such as the "nature and extent of the treatment relationship" or a physician's "area of specialty." 20 C.F.R. § 404.1527(c) (enumerating factors to consider when determining weight due to medical opinion evidence); *see also Garrison*, 759 F.3d at 1013 (physician's "significant experience" with claimant entitles opinion to greater weight).[1] Even in the face of "substantial contradictory evidence," a treating physician's opinion is entitled to some deference if justified by these factors. *Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017). The record shows that Dr. Kim examined and treated Dam on several occasions to help him manage pain, mobility problems, and other issues. *See, e.g.*, AR 441-65, 762-78. It also shows that Dr. Kim was a pain management specialist. *See* AR 704. These facts indicate that Dr. Kim would have useful insights into Dam's conditions, but they were not meaningfully addressed in the ALJ's decision. Consequently, the ALJ's unadorned conclusion that Dr. Kim's medical opinion was "not supported by the *objective* evidence as a whole" does not provide a helpful explanation for

---

[1] Different regulations apply to an ALJ's consideration of medical opinion evidence depending on whether a claim was filed before or after March 27, 2017. *Compare* 20 C.F.R. § 404.1527 (claims filed before March 27, 2017), *with* 20 C.F.R. § 404.1520c (claims filed on or after March 27, 2017). Because Dam's claim was filed in April 2016, AR 226, the regulations governing older claims apply here.

why Dr. Kim's opinions were given so little weight.

This error was not harmless. Our circuit has explained that an error is only harmless "when it was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (internal quotations and citation omitted). As the ALJ's decision and Commissioner's summary judgment motion recognized, Dam was ineligible for disability benefits if he was still able to perform modified light work. AR 35-36; Dkt. No. 16 at 8. Dr. Kim's medical opinion was that as of April 2015, Dam could only lift 10 pounds occasionally, and was unable to sit, stand, or walk for more than one hour in an eight-hour workday. AR 702-04. Under the SSA's regulations, this would mean he was incapable of light or even sedentary work. *See* 20 C.F.R. § 416.967(a)-(b). But the ALJ instead gave great weight to the opinion of non-treating physician Dr. Plowman, who opined that Dam could frequently lift up to 10 pounds and occasionally lift up to 20 pounds, could sit up to six hours per day, and could stand or walk for four hours in a day. AR 57. If taken as true, this testimony would establish that Dam could perform light work. *See* 20 C.F.R. § 416.967(b). The Court consequently cannot say that the ALJ's error in weighing Dr. Kim's medical opinion was harmless. Because this alone is sufficient for remand, the Court need not reach Dam's other arguments of error in the ALJ's decision.

Dam asks that the Court find that he is disabled, and remand the case "solely for the calculation and awarding of benefits." Dkt. No. 15 at 23-24. While the record indicates that an award of benefits may well be warranted, the Court cannot say at this time that it compels a finding that Dam is disabled within the meaning of the Social Security Act. *See Garrison*, 759 F.3d at 1021; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014). Consequently, the case is remanded to the SSA for further proceedings to determine Dam's eligibility for benefits in a manner consistent with this opinion.

**IT IS SO ORDERED.**

Dated: December 14, 2020

JAMES DONATO
United States District Judge